United States District Court
District of Massachusetts

|   |   |
|---|---|
| IN RE: FRESENIUS GRANUFLO/ NAUTRALYTE DIALYSATE PRODUCTS LIABILITY LITIGATION  This document relates to: STATE OF LOUISIANA, EX REL. JAMES D. "BUDDY" CALDWELL  Plaintiff,  v.  FRESENIUS MEDICAL CARE HOLDINGS, INC., D/B/A FRESENIUS MEDICAL CARE NORTH AMERICA, ET AL.  Defendant. | Civil Action No. 16-11035-NMG  MDL No. 13-2428 |

**MEMORANDUM & ORDER**

**GORTON, J.**

The State of Louisiana ("the State" or "Louisiana") and Blue Cross Blue Shield of Louisiana ("BCBS") (collectively, "plaintiffs") brought an action in Louisiana against Fresenius Medical Care Holdings and its related entities (collectively, "defendants" or "Fresenius"). Louisiana and BCBS allege that Fresenius engaged in unfair and deceptive practices related to the manufacture, sale and marketing of their NaturaLyte Liquid and GranuFlo Acid Concentrates, products used in dialysis treatment. The plaintiffs seek damages and Medicaid

reimbursement for claims paid for what Louisiana contends were goods of substandard quality.

Fresenius removed the case on diversity grounds, at which point it was assigned to another session of this Court as part of an ongoing Multi-District Litigation against Fresenius, only to have that session remand it back to Louisiana state court. After remand, BCBS intervened in the case, asserting its subrogation rights as plan administrator both for State-sponsored health plans and private health plans, and sought damages and reimbursement for funds paid to Fresenius for GranuFlo and NaturaLyte.  Fresenius again removed the case and it was transferred to the same session of this Court again by the Judicial Panel on Multi-District Litigation ("JPML").

That multi-district litigation was ultimately transferred to this session of the District Court for the District of Massachusetts and pending before it is Louisiana's renewed motion to remand.  For the reasons that follow, that motion will be allowed.

I.   **Background**

In June, 2014, the State of Louisiana filed suit against Fresenius in the Nineteenth Judicial District, Parish of East Baton Rouge, Louisiana.  In its complaint, the State alleged that Fresenius falsely advertised and marketed NaturaLyte and

GranuFlo as safe in the quantities administered, and that, therefore, the reimbursement it sought from and was paid by the State for Medicaid patients who underwent treatment with those substances was fraudulent. Louisiana brought suit under the Louisiana Unfair Trade Practices and Consumer Protection Act ("LUTPA"), the Louisiana Medical Assistance Program Integrity Law ("MAPIL"), and common law claims of false advertising, negligent misrepresentation, unjust enrichment, redhibition and fraud. The previously described removal and remand led the case back to Louisiana state court.

After remand, the case proceeded through discovery and summary judgment in the state court and was scheduled for trial. Shortly before the trial was due to commence, BCBS sought to intervene, incorporating all of the allegations originally brought by the State. BCBS, a health management organization, seeks to recover past and future payments it made to Fresenius on behalf of members of its health plans for hemodialysis treatment using the drugs in question. It asserts its subrogation rights on behalf of its plan members, avers that it overpaid Fresenius for substandard treatments and pleads various tort claims.

After intervention by BCBS, but before the commencement of trial, Fresenius removed the case a second time and once again

- 3 -

it was transferred by the JPML to the predecessor session of this Court. Fresenius opposes any remand of this case, contending that there exists federal question jurisdiction pursuant to 28 U.S.C. § 1331. It argues that BCBS has foisted into this case claims that are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 88 Stat. 829, 29 U.S.C. § 1001 et seq, and that this Court should exercise supplemental jurisdiction over the other claims in the case.

BCBS responds that ERISA does not preempt its claims. Louisiana agrees but urges that, if the Court finds that the law does preempt the private claims added by BCBS, the Court sever and retain jurisdiction over those claims while remanding all other claims to Louisiana state court.

## II. Motion to Remand

### A. Legal Standard

28 U.S.C. § 1441(a) states that

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant [to a federal court].

The jurisdiction alleged here is that of federal question jurisdiction which grants federal district courts original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Determination of federal question jurisdiction normally depends upon analysis of the "well-pleaded complaint" rule. See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 9-10 (1983). That rule provides:

> a defendant may not remove such a case to federal court unless the plaintiff's complaint establishes that the case "arises under" federal law within the meaning of § 1331, and it may not be removed on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the complaint and both parties admit that the defense is the only question truly at issue.

Id. at 2. In essence, the well-pleaded complaint rule means that a case may be removed only if the plaintiff could have brought the case originally in federal court asserting a federal claim.

Although the subject rule normally ends the inquiry, there is an exception "when a federal statute wholly displaces the state-law cause of action through complete preemption" which permits the state claim to be removed. Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8 (2003). This is because

> [w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.

Id. The exception is implicated in this case because "ERISA is one of those statutes." Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004).

**B.   Application**

**1.   ERISA Preemption**

The goal of ERISA is

> to protect . . . the interests of participants in employee benefit plans and their beneficiaries, [29 U.S.C. § 1001(b) & (c), and to] provide a uniform regulatory regime over employee benefit plans.

Davila, 542 U.S. at 208. ERISA includes two sections that act to preempt state law: 1) express preemption, codified at 29 U.S.C. § 1144(a) and 2) complete preemption, codified at 29 U.S.C. § 1132(a). Fresenius contends that BCBS' claims are completely preempted under the analysis articulated by the United States Supreme Court in Davila, 542 U.S. 200.

Although those provisions, particularly the complete preemption under § 1132(a), are broadly construed, ERISA preemption is still governed by standard preemption norms and courts still presume that Congress did not intend to supplant state law, particularly in "fields of traditional state regulation," unless it is the "clear and manifest purpose of Congress" to do so. New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Inc. Co., 514 U.S. 645, 654 (1995).

- 6 -

It is also well established that "the historic police powers of the State include the regulation of matters of health and safety." De Buono v. NYSA-ILA Med. & Clinical Servs. Fund, 520 U.S. 806, 814 (1997).

Fresenius relies upon the proposition that BCBS' claims are completely preempted by ERISA. It focuses in particular upon the claims related to payments made by BCBS on behalf of its private plan members rather than those brought on behalf of its government-related OGB plan members. That is prudent because 29 U.S.C. § 1003(b)(1) clearly and explicitly exempts any

> plan established or maintained for its employees . . . by the government of any State of political subdivision thereof, or by any agency or instrumentality of any of the foregoing.

29 U.S.C. § 1002(32). Consequently, supplemental jurisdiction over the entire case depends upon a finding that ERISA preempts the claims that BCBS brings on behalf of its private plan members.

Congress enacted ERISA to assure that the regulation of employee benefit plans would be exclusively a federal concern, Davila, 542 U.S. at 208, and created an exclusive regime for plan members, beneficiaries, administrators and other fiduciaries to enforce ERISA-related claims as codified in 29 U.S.C. § 1132(a). The policy behind the exclusive list of

remedies afforded under that section of the statute establishes that ERISA

> would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.

Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987).

Under Davila, a state law claim is completely preempted by ERISA when someone

> [1] could have brought his claim under [one of the ERISA § 502(a) enforcement provisions, and 2)] where there is no other independent legal duty that is implicated by a defendant's actions.

Davila, 542 U.S. at 210.

As an initial matter, most of the provisions in § 1132(a) authorize only a plan participant, beneficiary, or the Secretary of Labor to commence an action under ERISA.  But, as Fresenius correctly observes, the status of BCBS as a fiduciary entitles it to bring a claim under § 1132(a)(3).  That provision allows a civil ERISA action to be brought

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

ERISA defines a fiduciary as any person

> to the extent . . . he has any discretionary authority
> or discretionary responsibility in the administration
> of [an employee benefit] plan.

29 U.S.C. § 1002(21)(A)(iii). BCBS does not dispute that it is a fiduciary with respect to the plans that it managed for the Fresenius patients for whom it exercised rights of subrogation.

The claims that Louisiana and BCBS assert against Fresenius are not, however, ERISA claims. Invoking § 1132(a)(3) as a jurisdictional ground for preemption requires that the claim asserted be a violation of ERISA itself or of the plan. Although BCBS has a relationship with the beneficiaries and members of its plans, Fresenius has no privity with BCBS with respect to an employee benefit plan.

To be sure, were it not for the private plan members for whom BCBS asserts claims for wrongfully collected payments, BCBS would have no non-government plan subrogation rights to assert against Fresenius. Fresenius construes that to mean that, although the patients themselves could not have brought claims against Fresenius under ERISA, because BCBS has subrogation rights under the plan that is enough to authorize BCBS to pursue such claims under ERISA.

The Court disagrees because the claims in this case are not of the kind that § 1132(a)(3) was designed to address, and, therefore, are not within the realm of ERISA enforcement claims

meant to be completely preempted. The dispute resolution mechanism of ERISA simply was not designed to apply outside of the context of employee benefit plan administration, even as exhaustive as has been the attempt to expand its coverage. To interpret § 1132(a)(3) otherwise would preempt multiple state laws such as the tort laws invoked here because of claims that have only a tangential connection to ERISA.

Consequently, Fresenius' argument for complete preemption fails because the BCBS claim does not satisfy the first prong of the Davila test. See Davila, 542 U.S. at 210. The claim that it asserts on behalf of its private plan members could not have been brought originally as an ERISA claim. Permitting BCBS to proceed on its state private plan claims does not "pose an obstacle to the purposes and objectives of Congress" with respect to ERISA's regulation of employee benefit plans. See id. at 217 (quoting Pilot Life Ins. Co., 481 U.S. at 52). Fresenius is correct in asserting that the only relationship between BCBS and Fresenius is that of an ERISA fiduciary and a healthcare provider. But just because BCBS is an ERISA fiduciary does not render this an ERISA dispute. The claims asserted by the plaintiffs are thus not preempted by federal law.


### 2. Other Issues

Having found that the claims of BCBS and Louisiana are not preempted by ERISA, there remain no claims that could form the basis for an assertion of federal jurisdiction in this case. Consequently, there is no foundation for supplemental jurisdiction over the other issues present. The State of Louisiana and BCBS have, however, also moved to impose costs on Fresenius for removing the case in a manner which plaintiffs believe to have been dilatory.

The relevant statute provides that an order remanding a removed case to state court

> may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

28 U.S.C. § 1447(c). However, the statute also provides little guidance on when such fees are warranted. Martin v. Franklin Capital Corp., 546 U.S. 132, 134 (2005). The general rule is that absent unusual circumstances, attorneys' fees are not awarded when the removing party has "an objectively reasonable basis for removal." Id. at 136. The test

> recognize[s] the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

Id. at 140.

The addition of BCBS as an intervenor gave Fresenius objectively reasonable grounds for seeking removal. It is a stretch to contend that ERISA and its preemption provisions cover this kind of case but stretches are not necessarily unreasonable. Here, there is no authority definitively negating Fresenius' argument for removal. The preemption provisions of ERISA are extremely broad in the area of employee benefit plan administration and Fresenius made a colorable argument as to why this dispute should fall into that category. Although the Court disagrees with that argument, it does not find it unreasonable.

## ORDER

For the foregoing reasons, the State of Louisiana's renewed motion for remand (Docket No. 57) is **ALLOWED**. This case is **REMANDED** to the Nineteenth Judicial District Court, Parish of East Baton Rouge, Louisiana.

Plaintiffs' request that the Court award the State its fees and costs associated with removal and remand is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton  
Nathaniel M. Gorton  
United States District Judge

Dated: September 7, 2023